U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

2016 FEB -1  PM 3: 52

CLERK

CHUCK HILL, Individually and on Behalf )
of All Others Similarly Situated, )
                                      )
           Plaintiff, )

v. )

DOLGENCORP, LLC (d/b/a DOLLAR )
GENERAL, CORPORATION) )
                                        )
           Defendant. )
                                        )

BY_____

Case No. 2:16-cv-26

Removed from
Vermont Superior Court
Orleans Civil Unit
Case No. 335-12-15-OSCV

---

## DEFENDANT DOLGENCORP, LLC'S NOTICE OF REMOVAL

Defendant Dolgencorp, LLC, d/b/a Dollar General Corporation ("Dolgencorp"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Class Action Fairness Act ("CAFA"), and Local Rule 81, hereby notifies this Court that it is removing the above-captioned action, currently pending in the Vermont Superior Court, Civil Division, Orleans Unit, to the United States District Court for the District of Vermont. In support of this Notice of Removal, Dolgencorp states as follows:

### SUMMARY FOR REMOVAL

1.      On December 22, 2015, Plaintiff filed in the Vermont Superior Court, Civil Division, Orleans Unit a Class Action Complaint for damages, declaratory relief, injunctive relief, attorneys' fees and costs, and other additional relief, styled *Chuck Hill, Individually and on Behalf of All Others Similarly Situated v. Dolgencorp, LLC (d/b/a Dollar General, Corporation)*, Case No. 335-12-15-OSCV ("the State Court Action"). All papers served in the State Court Action are attached hereto as **Exhibit A**.

2.       Dolgencorp was served with the Class Action Complaint on January 12, 2016. This Notice of Removal is being filed with this Court within 30 days of service of plaintiff's Complaint, as required by 28 U.S.C. § 1446(b).

3.       As required by 28 U.S.C. § 1441(a), Dolgencorp is removing this case to the U.S. District Court for the District of Vermont, which is the district and division embracing the place where the state court action was filed.

4.       In accordance with 28 U.S.C. 1446(d), Dolgencorp has given contemporaneous written notice of this Notice of Removal to all adverse parties and the clerk of the Vermont Superior Court, Civil Division, Orleans Unit.  (Notice of Filing of Notice of Removal, attached as **Exhibit B**.)

5.       As set forth below, this Court has subject matter jurisdiction over this case pursuant to the class action provisions of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(1)-(10), 1453.  Removal is proper because the suit is a class action in which any member of a class of plaintiffs is a citizen of a state different from any defendant; because the proposed class is comprised of at least 100 class members; and because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2)(A); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006).

## NATURE OF THE CASE

6.       Plaintiff's Complaint seeks compensatory and punitive damages, declaratory relief, injunctive relief, attorney's fees, and costs of suit, under Vermont's Consumer Fraud Act and Vermont's common law claims of breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and unjust enrichment.  The basis for

Plaintiff's claims is that Dolgencorp engaged in wrongful marketing practices in selling three different Dollar General-brand motor oil products (the "Motor Oil Products"). Complaint ¶¶ 1-2.

7.      Plaintiff alleges that two of the Motor Oil Products are not suitable for use with engines built after 1988, and that one of the Motor Oil Products is not suitable for use with engines built after 1930. Complaint ¶ 20. Plaintiff claims that Dolgencorp's wrongful marketing practices obscure these facts and thus injured Plaintiff and other members of the putative class. Complaint ¶¶ 31-36. Plaintiff's claims of wrongful marketing are based upon allegations of (1) inadequate or improper labeling of the Motor Oil Products, Complaint ¶¶ 18, 20-23, 27-30, and (2) wrongful placement of the Motor Oil Products on the store shelf alongside other motor oil product brands, Complaint ¶¶ 18-19, 24-26.

8.      Plaintiff seeks (1) a declaration that Dolgencorp "must provide accurate representations of the quality of the motor oil sold at its stores," (2) a permanent injunction preventing Dolgencorp from continuing the marketing practices Plaintiff alleges to be wrongful, (3) "extraordinary equitable and/or injunctive relief" in the form of specific performance, reformation, and imposition of a constructive trust, (4) compensatory damages in the form of "full restitution" for the entire putative class and "[r]estitution and disgorgement of the unlawful profits collected by" Dolgencorp, (5) punitive damages, and (6) attorneys' fees and costs of suit. Complaint at ¶¶ 19-20. Plaintiff's Complaint does not allege a specific dollar value for either Plaintiff's compensatory damages or punitive damages. *See id.*

## THIS SUIT IS A CLASS ACTION WHOSE PARTIES ARE MINIMALLY DIVERSE

9.      This action was filed by a single named plaintiff, Chuck Hill, pursuant to Vermont Rule of Civil Procedure 23(b)(2), (3), on behalf of himself and a class defined by Plaintiff as including "[a]ll persons in the State of Vermont who purchased Defendant's DG-

3

branded motor oil, DG SAE 10W-30, DG SAE 10W-40 and/or DG SAE 30, from 2009 to present." Complaint ¶ 38. While Dolgencorp denies that this lawsuit is properly maintained as a class action under Federal Rule 23, and reserves the right to challenge class certification, Plaintiff has alleged a class action as that term is defined by 28 U.S.C. § 1332(d)(1).

10. Plaintiff alleges that the proposed class consists of "hundreds of thousands of persons" who have purchased Dolgencorp's Motor Oil Products in Vermont from 2009 to the present, and is thus "so numerous that separate joinder of each member is impracticable." Complaint ¶¶ 38, 41. As defined, and based on the allegations in the Complaint, the proposed class comprises a minimum of 100 members as required by 28 U.S.C. § 1332(d)(5)(B).

11. In class actions covered by CAFA, the requisite diversity of citizenship is satisfied as long as there is "minimal diversity," that is, so long as the citizenship of any one plaintiff differs from that of at least one defendant. 28 U.S.C. § 1332(d)(2)(A); *see Blockbuster*, 472 F.3d at 58-59.

12. According to the Complaint, the named Plaintiff, Chuck Hill, resides in, and is a citizen of, Orleans County, Vermont. Complaint ¶ 1.

13. According to the Complaint, the single defendant Dolgencorp is incorporated under the laws of the State of Kentucky and is headquartered in Tennessee. Complaint ¶ 3. As a result, for jurisdictional purposes, Dolgencorp is a citizen of both Kentucky and Tennessee. 28 U.S.C. § 1332(c)(1).

14. Accordingly, as defined by 28 U.S.C. § 1332(d)(2)(A), diversity of citizenship existed both at the time of filing the Complaint and at the time of removal because the named Plaintiff is a citizen of a different state than defendant Dolgencorp.

## THIS SUIT IS A CLASS ACTION WITH THE AGGREGATE AMOUNT IN CONTROVERSY GREATER THAN $5,000,000

15.     Under CAFA, a minimally diverse class action is removable if the amount in controversy is greater than $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2). The claims of the individual class members "shall be aggregated" to determine whether that jurisdictional minimum has been met.  28 U.S.C. § 1332(d)(6).

16.     Dolgencorp, as the party invoking this Court's subject matter jurisdiction, "bears the burden of establishing [that jurisdiction] by showing that there is a reasonable probability that the [amount in controversy] prerequisite[] is satisfied." *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014) (internal quotation marks omitted).  When, as here, a class action complaint does not explicitly limit plaintiffs' recovery to an amount less than the jurisdictional minimum, removal is improper only if it appears to a "legal certainty" that the plaintiff cannot recover $5,000,000.  *Bank v. Hydra Group LLC*, 433 Fed. App'x 50, 50-51 (2d Cir. 2011) (assuming that "the general standards governing the amount of controversy requirement under 28 U.S.C. § 1332(a)(1) apply coextensively with those standards governing the CAFA" to hold that "dismissal is warranted [for failure to demonstrate that the aggregate amount in controversy exceeds $5,000,000] only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount" (internal quotation marks and alterations omitted)).

17.     When "the complaint fails to allege a specific damages amount," as here, "and facts relating to the jurisdictional amount are challenged by the plaintiff," which may be the case here, "the defendant must establish the requisite amount in controversy with competent proof and justify its allegations by a preponderance of evidence." *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Hughes v. La Salle Bank Nat'l Ass'n*, 2007 WL 4103680, at *1-2 (2d Cir. 2007) (remanding

5

to the district court to hold an evidentiary hearing as to whether the amount in controversy under CAFA was satisfied).

18.     "*Generally*, . . . the amount in controversy is calculated from the plaintiff's standpoint." *Khell v. Port of N.Y. Auth.*, 457 F.2d 46, 49 (2d Cir. 1972) (emphasis added). If this was not a CAFA case, this statement of law would be controlling. *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (reaffirming *Khell* in a typical diversity action). But CAFA is not a traditional diversity statute. Instead, as recognized by courts across the country, CAFA was intended to confer broad federal jurisdiction over class actions, and did so in part by providing that the amount in controversy may be established from the viewpoint of either the plaintiff or the defendant. *See, e.g.*, *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1217 (D.N.M. 2013); *Rasberry v. Capitol Cnty. Mut. Fire Ins. Co.*, 609 F. Supp. 2d 594, 600-01 (E.D. Tex. 2009) *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005). In fact, the Senate Judiciary Committee specifically stated "that a matter be subject to federal jurisdiction under [CAFA] if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, at 40 (Feb. 28, 2005), 2005 WL 627977. This Congressional intent has been recognized as the basis for CAFA abrogating otherwise controlling case law requiring a "plaintiff's only" viewpoint insofar as a federal court's jurisdiction is invoked under CAFA. *See, e.g.*, *Toller v. Sagamore Ins. Co.*, 558 F. Supp. 2d 924, 930-31 (E.D. Ark. 2008); *see also* Stephen J. Shapiro, *Applying the Jurisdictional Provisions of the Class Action Fairness Act of 2005: In Search of a Sensible Judicial Approach*, 59 Baylor L. Rev. 77, 114 (2007) ("Now that CAFA specifically allows aggregation of plaintiffs' claims for the purpose of satisfying the

6

amount in controversy, the reasoning previously used to prevent using cost to the defendant no longer applies, and the value of injunctive relief should probably be considered from either the plaintiffs' or the defendant's point of view.").

19.     In this case, the jurisdictional minimum is met whether the valuation proceeds from the Plaintiff's or the Defendant's viewpoint, on the basis of Plaintiff's requests for equitable relief alone, and also upon considering direct damages sought by the named Plaintiff and attorneys' fees sought by the entire class.

20.     In calculating the amount in controversy from the Plaintiff's perspective,[1] the Court may consider the amount of any statutory damages available to Plaintiff pursuant to his allegations. *Blockbuster*, 472 F.3d at 55; *see also Kaye v. Merck & Co.*, 2011 U.S. Dist. LEXIS 113292 (D. Conn. Sept. 30, 2011).  Under Vermont's Consumer Fraud Act, a consumer who establishes a violation of that statute is entitled to "reasonable attorney's fees, and exemplary damages not exceeding three times the value of the consideration given by the consumer." Vt. Stat. Ann. § 2461(b).  The Complaint contains a picture of the Motor Oil Products on a store shelf.  The listed price is **$2.75**.[2]  Complaint ¶ 24; *see also* **Exhibit C**, *Barfoot* Complaint at ¶ 28. A claim for the maximum allowed exemplary damages under the Consumer Fraud Act three times the amount paid for the product, or **$8.25**, totaling **$11.00** in compensatory and exemplary

_____

[1] While Dolgencorp believes that the amount in controversy has been met in this case on the basis of Plaintiff's Complaint alone, Dolgencorp also relies on the cost of complying with the injunction that Plaintiff seeks.  This figure could easily total several million dollars given that Dolgencorp, if Plaintiff's suit is successful, could be required to: (i) remove the Motor Oil Products from its shelves in Vermont, (ii) redesign the product label to provide alternate warnings, (iii) create and place in-store notices communicating the alternate warnings; and (iv) re-design its website and/or advertising campaign to communicate the alternate warnings.  In addition, Dolgencorp could forego a substantial sum of money in lost sales while its Motor Oil Products were in the process of being relabeled. *See, e.g., Tucker v. Papa John's Int'l, Inc.*, 2015 U.S. Dist. LEXIS 27596 at *5-6 (S.D. Ill. 2015) (estimating the value of injunctive and declaratory relief at approximately $3,000,000.00); *Kenney v. Alterna Holdings Corp.*, 2013 U.S. Dist. LEXIS 179948, *1-2 (C.D. Cal. 2013) (estimating the cost of a recall to re-label the product at issue at $1,316,672.00); *Valdez v. Metro. Prop. & Cas. Ins. Co.*, 867 F. Supp. 2d 1143, 1184 (D.N.M. 2012) (defendants demonstrated that it would cost them nearly $9,000,000.00 to comply with the injunction sought by the plaintiffs). Dolgencorp can provide additional documentation estimating these costs more specifically if necessary and if the Court so desires.
[2] This price may have varied over time.

damages per class member. "Defendants are also entitled to make a reasonable allowance for attorneys' fees when calculating the potential amount in controversy [under CAFA,] where they are anticipated or awarded in the governing statute." *Henry v. Warner Music Group Corp.*, 2014 WL 1224575, at \*3 (S.D.N.Y. Mar. 24, 2014) (internal quotation marks omitted). Plaintiffs' attorneys' fee request can be as much as thirty percent of the judgment. *In re Rite Aid Corp. Securities Litig.*, 396 F.3d 294, 303 (3d Cir. 2005) (recognizing a "study by the Federal Judicial Center of all class actions resolved or settled over a four-year period" which had "found a median percentage recovery range of 27-30%"). Thirty (30) percent of $11.00 is **3.30**, amounting to a total of $**14.30** based upon statutory damages and fees alone. Plaintiff has estimated that there are "hundreds of thousands of persons" in the proposed class. Complaint ¶ 41. Thus, the aggregated amount of compensatory and exemplary damages and attorneys' fees for the proposed class under the Consumer Fraud Act is approximately $2,860,000.00 (assuming a class comprised of 200,000 individuals), though this figure could be much higher.[3]

21.    Plaintiff also seeks restitution and disgorgement of profits. Complaint, Demand/Prayer for Relief ¶¶ B, F. Any damages awarded pursuant to this request would total at least $550,000.00 for a class of 200,000 individuals given the **2.75** price of the Motor Oil Products reflected in Plaintiff's Complaint. Complaint ¶ 24; *see also* **Exhibit C**, *Barfoot* Complaint at ¶ 28.

22.    Plaintiff also seeks punitive damages. Complaint, Demand/Prayer for Relief ¶ E. "[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). This is true even though Plaintiff has failed to disclose the amount of punitive damages he is seeking. *See, e.g., Frederick v. Hartford*

---

[3] Defendant disputes that Plaintiffs are entitled to any damages at all.

*Underwriters Ins. Co.*, 683 F.3d 1242, 1248 (10th Cir. 2012); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.,* 637 F.3d 827, 830 (7th Cir. 2011); *In re: GM LLC Ignition Switch Litig.*, 2015 U.S. Dist. LEXIS 59834, 316-317 (S.D.N.Y. May 5, 2015); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 207 F. Supp. 2d 71, 79 (W.D.N.Y. 2002). In *Frederick*, the Tenth Circuit explained that a defendant does not have to prove that the plaintiff is likely to prevail on its punitive damages claim, but must merely demonstrate that "(1) state law *permits* a punitive damages award for the claims in question; and (2) the total award, including compensatory and punitive damages, *could* exceed $5,000,000." *Id.* (emphasis added). Punitive damages are available in Vermont upon a showing that the defendant acted with malice, which may be demonstrated by "'conduct manifesting personal ill will or carried out under circumstances evidencing insult or oppression, or even by conduct showing a reckless or wanton disregard of one's rights.'" *Schnabel v. Nordic Toyota*, 168 Vt. 354, 362 (Vt. 1998) (quoting *Shortle v. Central Vermont Pub. Serv. Corp.*, 137 Vt. 32, 33 (1979)); *see also Ainsworth v. Franklin County Cheese Corp.*, 592 A.2d 871, 874-75 (Vt. 1991); *Glidden v. Skinner*, 142 Vt. 644, 647 (1983). The Vermont Supreme Court has characterized a 2:1 ratio between a punitive damage and compensatory damage award as being "on the low end of the range of single-digit ratios recognized by the United States Supreme Court as presumptively within the bounds of due process." *Shahi v. Madden*, 2008 VT 25, ¶ 27 (Vt. 2008) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)). It has also characterized a 10:1 ratio as "reasonable" and noted that "courts have routinely upheld much greater ratios applying the *Gore* standards." *Sweet v. Roy*, 173 Vt. 418, 446 (Vt. 2002). Thus, it is possible that a jury could award at least $2,500,000.00 in punitive damages in this case, and potentially could award ten times that amount.[4]

---

[4] Defendant disputes that Plaintiffs are entitled to punitive damages.

23.     As further evidence that the amount in controversy in this case exceeds five million dollars, Dolgencorp points to the six other Class Action Complaints that have been recently filed against it in federal court with allegations almost identical to Plaintiff's allegations here, all of which allege that the amount in controversy exceeds five million dollars. These Complaints are attached hereto as **Exhibit C**.

## NO EXCEPTIONS TO FEDERAL JURISDICTION APPLY

24.     Once a defendant has established CAFA's threshold jurisdictional requirements – the requisite number of plaintiffs, minimal diversity, and $5,000,000.00 in controversy – a plaintiff may only seek remand by showing that one of CAFA's three possible exceptions apply. 28 U.S.C. § 1332(d)(3)-(4); *see also Blockbuster*, 472 F.3d at 56. Because no defendant in this action is a citizen of Vermont, however, none of these exceptions apply. 28 U.S.C. § 1332(d)(3), (d)(4)(A)(i)(II)(cc), (d)(4)(B).

25.     First, CAFA's discretionary exception provides that a district court *may* decline to exercise jurisdiction if more than one-third but less than two-thirds of the proposed class members are citizens of the forum state *and* the primary defendants are citizens of the forum state. 28 U.S.C. § 1332(d)(3). Because Dolgencorp is a citizen of Kentucky and Tennessee (Complaint ¶ 3), not Vermont, the discretionary exception cannot apply – regardless of how many proposed class members are citizens of Vermont. *Id.*

26.     The two mandatory exceptions to federal jurisdiction set forth in CAFA – the so-called "local controversy" and "home state" exceptions – also do not apply for the same reason. The local controversy exception only applies where all four of the following conditions exist: (1) more than two-thirds of the proposed class members are citizens of the forum state; (2) *at least one primary defendant is a citizen of the forum state*; (3) the principal alleged injuries occurred

in the forum state; and (4) no other class action asserting similar factual allegations has been filed against any defendant within three years. 28 U.S.C. § 1332(d)(4)(A). The home state exception applies where more than two-thirds of the proposed class members are citizens of the forum state *and* the primary defendants are citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B).

27.     Because Dolgencorp is not a citizen of Vermont, Plaintiff cannot meet his burden on remand to show that an exception to federal jurisdiction applies. *See, e.g., Law Offices of K.C. Okoli, P.C. v. BNB Bank, N.A.*, 481 Fed. Appx. 622, 625 (2d Cir. 2012) (there is "'no question'" that the burden of proof is on the plaintiff to demonstrate an exception to federal jurisdiction) (quoting *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003)).

28.     In sum, removal of this case to this Court is proper under CAFA because it is a class action with a proposed class of more than 100 members whose parties are minimally diverse, because the amount in controversy exceeds $5,000,000.00, and because no relevant exception applies.

WHEREFORE, Defendant Dolgencorp respectfully requests that the above-captioned action, now pending in the Vermont Superior Court, Civil Division, Orleans Unit, be removed to the United States District Court for the District of Vermont, and that said U.S. District Court assume jurisdiction over this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: February 1, 2016                    Respectfully Submitted:

                                           **DOLGENCORP, LLC**

                                           By:_____
                                           Matthew S. Borick
                                           DOWNS RACHLIN MARTIN PLLC
                                           199 Main St, P.O. Box 190
                                           Burlington, VT 05402-0190
                                           Telephone: (802) 863-2375
                                           Facsimile: (802) 862-7512
                                           mborick@drm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, I filed the foregoing document with the Clerk of Court via hand delivery. I further certify that a copy of this filing was served by first-class mail and/or electronic mail on the following:

Wilfred K. Wright Jr., Esq.
WRIGHT LAW PLC
P.O. BOX 982
Claremore Oklahoma 74018
Tel: (918) 341-1923
Fax: (918) 341-1923

Allan Kanner, Esq.
Conlee Whiteley, Esq.
Cindy St. Amant, Esq.
KANNER & WHITELEY, LLC
701 Camp Street
New Orleans, Louisiana 70130
Tel: (504) 524-5777
Fax: (504) 524-5763

By: _____

Matthew S. Borick
DOWNS RACHLIN MARTIN PLLC
199 Main Street, P.O. Box 190
Burlington, VT 05402
Tel: 802-863-2375
Fax: 802-862-7512
mborick@drm.com

16474893.1

13