## SUPERIOR COURT FOR ORLEANS COUNTY
## STATE OF VERMONT

CHUCK HILL, Individually and on Behalf of
All Others Similarly Situated,

        Plaintiff,

    v.

DOLGENCORP, LLC, (d/b/a DOLLAR
GENERAL, CORPORATION)

        Defendant.

Case No. 335-12-15-OSCV

CLASS ACTION COMPLAINT AND DEMAND
FOR JURY TRIAL

### SUMMONS

THIS SUMMONS IS DIRECTED TO: Dolgencorp, LLC d/b/a Dollar General Corporation
                         c/o Corporation Service Company, Registered Agent
                         100 North Main Street, Suite 2
                         Barre, VT 05641

1. YOU ARE BEING SUED. The plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights.

2. YOU MUST REPLY WITHIN 20* DAYS TO PROTECT YOUR RIGHTS. You must give or mail the Plaintiff a written response called an Answer within 20* days of the date on which you received this Summons. You must send a copy of your Answer to the [Plaintiff][Plaintiff's attorney] located at: Wright Law, PLC, P.O. Box 982, Claremore, OK 74018.

You must also give or mail your Answer to the Court located at:
Superior Court, Orleans County, Newport Vermont
247 Main Street
Newport, VT 05855

3. YOU MUST RESPOND TO EACH CLAIM. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT GIVE YOUR WRITTEN ANSWER TO THE COURT. If you do not Answer within 20* days and file it with the Court, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint.

5. YOU MUST MAKE ANY CLAIMS AGAINST THE PLAINTIFF IN YOUR REPLY. Your Answer must state any related legal claims you have against the Plaintiff. Your claims against the Plaintiff are called Counterclaims. If you do not make your Counterclaims in writing in your Answer, you may not be able to

bring them up at all. Even if you have insurance and the insurance company will defend you, you must still file any Counterclaims you may have.

6. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you cannot afford a lawyer, you should ask the court clerk for information about places where you can get free legal help. Even if you cannot get legal help, you must still give the Court a written Answer to protect your rights or you may lose the case.

7. NOTICE OF APPEARANCE FORM. THE COURT NEEDS TO KNOW HOW TO REACH YOU SO THAT YOU WILL BE INFORMED OF ALL MATTERS RELATING TO YOUR CASE. If you have not hired an attorney and are representing yourself, in addition to filing the required answer it is important that you file the Notice of Appearance form attached to this summons, to give the court your name, mailing address and phone number (and email address, if you have one). You must also mail or deliver a copy of the form to the lawyer or party who sent you this paperwork, so that you will receive copies of anything else they file with the court.

_____     *1-7-16*_____

Plaintiff's Attorney/Court Clerk Dated

Served on _____   _____
                        Date

* Use 20 days, except that in the exceptional situations where a different time is allowed by the court in which to answer, the different time should be inserted.

SUPERIOR COURT FOR ORLEANS COUNTY
STATE OF VERMONT

CHUCK HILL, Individually and on Behalf
of All Others Similarly Situated,

Plaintiff,

v.

DOLGENCORP, LLC, (d/b/a DOLLAR
GENERAL, CORPORATION)

Defendant.

Case No. 335-12-15-Oscv

CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL



FILED
DEC 22 2015
VERMONT SUPERIOR
COURT
ORLEANS UNIT

## CLASS ACTION COMPLAINT

Plaintiff, Chuck Hill ("Plaintiff"), individually and on behalf of all others similarly

situated, makes the following allegations based on his personal knowledge of his own acts and,

otherwise, upon information and belief based on investigation of counsel.

## NATURE AND SUMMARY OF THE ACTION

1.      Plaintiff, by and through undersigned counsel, brings this action both on his own

behalf and on behalf of the class defined below, comprised of all individuals similarly situated

within the State of Vermont to redress the unlawful and deceptive practices employed by

Defendant, DOLGENCORP, LLC, (d/b/a Dollar General, Corporation), (hereinafter "Dollar

General" or "Defendant") in connection with its marketing and sale of its company-branded motor oil sold in its stores.

2.      Dollar General sells an entire line of company-branded motor oils (labeled "DG") that are obsolete and potentially harmful to its customers' automobiles by using deceptive and misleading visual representations including the positioning of its line of obsolete motor oils immediately adjacent to the more expensive standard- and premium-quality motor oils manufactured by its competitors and failing to adequately warn its customers that its DG motor oil is unsuitable for use by the vast majority, if any, of its customers.

3.      Plaintiff alleges that Dollar General engaged in these unlawful and deceptive business practices in violation Vermont law.

## PARTIES

1.      Plaintiff, Chuck Hill, is an individual adult resident citizen of Orleans County, Vermont and is a member of the Class alleged herein.

2.      Plaintiff purchased Dollar General's motor oil from Dollar General's store in North Troy, Vermont around October or November 2015.

3.      Defendant DOLGENCORP, LLC, d/b/a Dollar General Corporation, is incorporated under the laws of the State of Kentucky, with its headquarters located at 100 Mission Ridge, Goodlettsville, Tennessee.

4.      At all relevant times, Defendant produced, marketed, distributed and sold its obsolete DG-branded motor oil in its stores throughout the United States, including in the State of Vermont, utilizing deceptive and misleading marketing and sales practices intended to deceive Plaintiff and Class Members into purchasing its obsolete motor oil for use in their modern-day vehicles knowing that its motor oil is obsolete and likely to cause damage to any such vehicle.

2

5.      Defendant maintains stores throughout the State of Vermont.  As such, Vermont courts maintain a significant interest in regulating Defendant's conduct which emanates from Vermont, yet deceives consumers nationwide.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court.

7.      This Court has jurisdiction over the Defendant named herein because Defendant is a foreign corporation authorized to do business in Vermont does sufficient business in Vermont, and has sufficient minimum contacts with Vermont or otherwise intentionally avails itself of the laws and markets of Vermont, through the promotion, sale, marketing and distribution of its merchandise in Vermont, to render the exercise of jurisdiction by the Vermont courts permissible.

8.      Venue is proper in this Court because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendant has caused harm to Class Members residing in this district, and/or because the Defendant is subject to personal jurisdiction in this judicial district.

9.      In addition, Defendant operates its stores in Vermont and has received substantial compensation from Vermont consumers who purchase goods from Defendant.

## FACTUAL ALLEGATIONS

10.     Dollar General operates a chain of variety stores headquartered in Goodlettsville, Tennessee.  As of January 2015, Dollar General operated over 12,198 stores in 43 states, with stores located in the State of Vermont.

11.     Dollar General is a discount retailer focused on low and fixed income consumers in small markets.  Dollar General's business model includes locating its stores in rural, suburban

3

communities, and in its more densely populated markets, Dollar General's customers are generally from the neighborhoods surrounding the stores. Dollar General's stores are generally located with the needs of its core customers (low and fixed income households) in mind.

12.     Dollar General offers basic everyday and household needs, along with a variety of general merchandise at low prices to provide its customers with one-stop shopping opportunities generally in their own neighborhoods.

13.     In addition to offering name brand and generic merchandise, Dollar General manufactures and markets its own lines of inexpensive household products, which bear the designation "DG." DG lines include "DG Auto," "DG Hardware" "DG Health" and "DG Office."

14.     Dollar General's DG Auto line consists of three types of obsolete motor oil:  DG SAE 10W-30, DG SAE 10W-40 and DG SAE-30 that either fail to protect, or can actively damage, modern-day automobiles.

15.     Motor oils lubricate the engines of the automobiles driven by individuals. Their main function is to reduce wear on an engine's moving parts. Motor oils also inhibit corrosion, improve sealing and keep engines properly cooled.

16.     Motor oils have evolved in parallel with the automobiles they are meant to protect. Institutions like the Society of Automotive Engineers ("SAE") employ rigorous tests to ensure that motor oils meet evolving standards relating to, among other criteria, sludge buildup, temperature volatility, resistance to rust, resistance to foaming, resistance to oil consumption, homogeneity and miscibility.

4

17.     Motor oils designed to protect engines from earlier eras do not protect, and can harm, modern-day engines.   Thus, motor oil that would be suitable to use in an engine manufactured in the 1980's or earlier is not suitable for use in modern-day engines.

18.     Plaintiff asserts that Dollar General engages in the unfair, unlawful, deceptive and fraudulent practice of marketing, selling and causing to be manufactured less expensive, obsolete motor oil that is unsuitable for, and can harm, the vehicles driven by the overwhelming majority of Dollar General's customers.  Dollar General also engages in the unfair, unlawful, deceptive and fraudulent practices of concealing the obsolete and harmful nature of its motor oil from its customers through deceitful product placement tactics and misleading labels which obscure a critical fact from Dollar General's customers:  Dollar General's motor oil is unfit for, and can harm, the vehicles driven by the vast majority, if any, of its customers.

19.     Dollar General's in-house motor oils use the same or similar SAE nomenclature on the front of its labels (*e.g.*, 10W-30, 10W-40, SAE 30) as do the other brands of motor oil sold by Dollar General and beside which Dollar General places its DG brand motor oil on its shelves.

20.     However, among the small print on the back label of Dollar General's motor oils is the statement that DG SAE 10W-30 and DG SAE 10W-40 are admittedly "not suitable for use in most gasoline powered automotive engines built after 1988" and "may not provide adequate protection against the build-up of engine sludge" and that DG SAE 30 is admittedly "not suitable for use in most gasoline powered automotive engines built after 1930," and its "use in modern engines may cause unsatisfactory engine performance or equipment harm."

21.     Dollar General conceals this language by rendering it in small font and confining it to the product's back label.

5

22.     Dollar General further conceals this language by placing it below a message that presents a misleading impression of the product and is likely the only message customers encounter, if they examine the back label at all. For the DG SAE 10W-30 and DG SAE 10W-40 products, that message reads, "SAE 10W-30 motor oil is an all-season, multi-viscosity, heavy duty detergent motor oil recommended for gasoline engines in older model cars and trucks. This oil provides oxidation stability, antiwear performance, and protection against deposits, rust and corrosion." For the DG SAE 30 product, that message reads: "DG Quality SAE 30 is a non-detergent motor oil designed for use in older engines where consumption may be high and economical lubricants are preferred."

23.     Few, if any, Dollar General customers drive vehicles for which these products are safe, and the use of the term "older" is a relative term that does not inform a reasonable consumer that these motor oils are not safe for cars manufactured within the past 27 years, or in the case of Dollar General's DG SAE 30, the past 85 years.

24.     Dollar General further disguises the obsolete and harmful nature of its motor oils with its positioning of these motor oils on its shelves in a misleading manner. Specifically, Dollar General places similar quantities of its in-house brand motor oils, DG SAE 10W-30, DG SAE 10W-40 and DG SAE 30, none of which are suitable for modern-day automobiles, adjacent to an array of other motor oils which are suitable for modern-day vehicles. The photograph below illustrates how Dollar General effects this deception:

6



25.    As the photograph above illustrates, Dollar General places its in-house brand motor oils on the same shelves, in the same or similar quantities, as PEAK, Pennzoil, Castrol and other legitimate motor oils that are suitable for modern-day automobiles. Each type of motor oil uses the SAE nomenclature on the front, e.g., 10W-40. The only apparent difference is the price, as Dollar General's motor oils are less expensive than the others; thus, enticing consumers to purchase DG brand oil based on a low price point.

26.    Defendant's product display conceals the fact that these Dollar General-brand motor oils have an extremely obscure and limited use and are likely to cause damage to the engines of most of the consumers purchasing motor oil. Instead, by using this deceptive method of product positioning, along with its deceptive label, Dollar General misleads consumers into thinking that the quality of the Dollar General-brand motor oils are the same type of oil and are comparable to that of the other motors oils sold by Dollar General. This impression is false and

7

misleading. Dollar General's motor oils are of a much lower quality than non-Dollar General motor oils, and they are only fit for a negligible fraction of the vehicles on the road today. Arguably, Dollar General's motor oils do not belong anywhere on Dollar General's shelves, let alone adjacent to standard- or premium-quality motor oils.

27.    Dollar General also fails to warn its customers adequately of the obsolete nature of DG-branded motor oils or of the dangers DG-branded motor oils pose to the very automobiles its customers are trying to protect by purchasing Dollar General's motor oil. An adequate warning for Dollar General's obsolete motor oils would be displayed conspicuously and would inform Dollar General's customers of the appropriate uses, if any, of the various types of Dollar General motor oils. But Dollar General provides its customers with no such conspicuous warnings. Instead, the company buries the aforementioned statements on the backs of its products in small type where customers are unlikely to encounter them.

28.    DG SAE 10W-30 bears the following labels on its front (left) and back (right):



The photograph below is a close-up of DG SAE 10W-30's back label, which includes the warnings, "IT IS NOT SUITABLE FOR USE IN MOST GASOLINE POWERED AUTOMOTIVE ENGINES BUILT AFTER 1988" and "IT MAY NOT PROVIDE ADEQUATE PROTECTION AGAINST THE BUILD-UP OF ENGINE SLUDGE":

8



29.    DG SAE 10W-40 bears the following labels on its front (left) and back (right):



The following photograph is a close-up of DG SAE 10W-40's back label, which includes the

warnings, "IT IS NOT SUITABLE FOR USE IN MOST GASOLINE POWERED AUTOMOTIVE ENGINES BUILT AFTER 1988" and

"IT MAY NOT PROVIDE ADEQUATE PROTECTION AGAINST THE BUILD-UP OF ENGINE SLUDGE":



30.     DG SAE 30 bears the following the labels on its front (left) and back (right):



The photograph below is a close-up of DG SAE 30's back label which includes the warnings, "IT

IS NOT SUITABLE FOR USE IN MOST GASOLINE POWERED AUTOMOTIVE ENGINES BUILT AFTER 1930" and "USE IN MODERN

ENGINES MAY CAUSE UNSATISFACTORY ENGINE PERFORMANCE OR EQUIPMENT HARM":



31.    Dollar General's entire line of low-cost motor oil is unsuitable for the modern-day vehicles driven by its customers and has no business being sold by Dollar General, except that it is successfully deceiving a sufficient number of customers to make this fraudulent practice worthwhile. It is unfair, unlawful, deceptive and fraudulent for Dollar General to manufacture, distribute, market, and sell an entire line of motor oil that is unfit for, and presents concrete dangers to, the automobiles driven by the vast majority of its customers.

32.    Dollar General knew or should have known that its customers are being deceived by its marketing strategy based on the quantity of its obsolete DG motor oil sold compared to the limited number of automobiles for which these oils are appropriate.

33.    Vermont's consumer protection laws are designed to protect consumers from this type of false advertising and predatory conduct.

34.    Defendant's unfair and deceptive course of conduct victimized all purchasers of Dollar General's motor oil from Dollar General, throughout the State of Vermont.

35.    As a direct and proximate result of Dollar General's deceptive and fraudulent practices, Plaintiff and the Class Members purchased a product they would not have otherwise purchased and have suffered and will continue to suffer economic damages.

11

36.     In addition, many Class Members may have sustained damage to their automobiles as a result of the use of Dollar General's DG-branded motor oil and have suffered and will continue to suffer economic damage as a result.

37.     Plaintiff therefore brings the statutory and common law claims alleged herein to halt Dollar General's deceptive practices and to obtain compensation for the losses suffered by Plaintiff and all Class Members.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this class action pursuant to Rule 23(b)(2) and 23(b)(3) of the Vermont Rules of Civil Procedure on behalf of himself and all members of the following Class:

> **All persons in the State of Vermont who purchased Defendant's DG-branded motor oil, DG SAE 10W-30, DG SAE 10W-40 and/or DG SAE 30, from 2009 to present.**

39.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

40.     Specifically excluded from the proposed Class are Dollar General, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, successors, assigns, or other persons or entities related to or affiliated with Dollar General and/or its officers and/or directors, or any of them.  Also excluded from the proposed Class are the Court, the Court's immediate family and Court staff.

41.     **Numerosity.** Membership in the Class is so numerous that separate joinder of each member is impracticable.  The precise number of Class Members is unknown at this time but can be readily determined from Defendant's records.  Plaintiff reasonably estimates that there are hundreds of thousands of persons in the Class and tens of thousands of persons in the Class.

42.     **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously.  Plaintiff is a member of the Class described herein and does not have interests antagonistic to, or in conflict with, the other members of the Class.

43.     **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class purchased obsolete, harmful, deceptively labeled and deceptively marketed motor oil from Dollar General and were subjected to Defendant's common course of conduct.

44.     **Existence and Predominance of Common Questions of Law and Fact.** There are numerous and substantial questions of law and fact common to all Class Members that control this litigation and predominate over any individual issues.  Included within the common questions are:

   a)  The amount of Defendant's in-house brand motor oil it sold relative to the other brands of oil on its shelves;

   b)  The amount of Defendant's in-house brand motor oil it sold relative to the limited number of automobiles for which these motor oils are appropriate;

   c)  Whether Defendant studied the effect of its product placement on its shelves;

   d)  Whether Defendant studied or tested its label and the effect of its labels on consumers' perceptions;

   e)  Whether Defendant studied the susceptibility of consumers;

   f)  The cost to Defendant to manufacture, distribute, market and sell its DG-branded motor oil compared to the revenue it received from its sales;

g) Whether Defendant misrepresented the safety and suitability of its DG-branded motor oil sold at its stores nationwide;

h) Whether Defendant maintained a corporate policy of producing and selling obsolete, harmful, deceptively labeled and deceptively marketed motor oil;

i) Whether the placement of the obsolete Dollar General motor oil was unfair or deceptive;

j) Whether the warnings provided on the labels of Dollar General's motor oil were conspicuous;

k) Whether Defendant deliberately misrepresented or failed to disclose material facts to Plaintiff and Class Members regarding the obsolete and harmful nature of its DG-branded motor oil;

l) Whether Defendant's conduct and scheme to defraud Plaintiff and Class Members is unfair, misleading, deceitful, and/or unlawful;

m) Whether the acts of Defendant violated, *inter alia*, applicable state, common and statutory law;

n) Whether Plaintiff and the Class have been damaged;

o) The proper method for calculating the damages suffered by Plaintiff and Class Members nationwide; and

p) Whether Plaintiff and Class Members are entitled to declaratory, injunctive and/or other equitable relief.

45.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

14

a) Given the size of the claims of individual Class Members, as well as the resources of Dollar General, few Class Members, if any, could afford to seek legal redress individually for the wrongs alleged herein;

b) This action will permit an orderly and expeditious administration of the claims of Class Members, will foster economies of time, effort and expense and will ensure uniformity of decisions;

c) Any interest of Class Members in individually controlling the prosecution of separate actions is not practical, creates the potential for inconsistent or contradictory judgments and would create a burden on the court system;

d) Without a class action, Class Members will continue to suffer damages, Defendant's violations of law will proceed without remedy, and Defendant will continue to reap and retain the substantial proceeds derived from its wrongful and unlawful conduct. Plaintiff and Class Members have suffered damages as a result of Defendant's unlawful and unfair conduct. This action presents no difficulties that will impede its management by the Court as a class action.

46.     Certification is also warranted under Rule 23(b)(2) of the because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief and declaratory relief appropriate with respect to the Class as a whole.

47.     The claims asserted herein are applicable to all individuals throughout the United States who purchased obsolete, harmful, deceptively labeled and deceptively marketed motor oil from Dollar General.

## CLAIMS FOR RELIEF

48.     Based on the foregoing allegations, Plaintiff's claims for relief include the following:

## COUNT I
### VIOLATIONS OF THE VERMONT CONSUMER FRAUD ACT
### (VT. STAT. ANN. § 2451, et seq.)

49.     Plaintiff realleges and incorporates by reference all paragraphs as though fully set forth herein.

50.     The Vermont Consumer Fraud Act ("VCPA") makes unlawful to commit "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce." VT. STAT. ANN. § 2453(a). The VCPA provides a private right of action for "[a]ny consumer who contracts for goods or services in reliance upon false or fraudulent representations or practices ... or who sustains damages or injury as a result of any false or fraudulent representations or practices" prohibited by the VCPA. VT. STAT. ANN. § 2461(b).

51.     Plaintiff is a "consumer" as defined by VT. STAT. ANN. § 2451a(a). The Defendants' products are "goods" under VT. STAT. ANN. § 2451a(b).

52.     In the course of the Defendants' business, Defendant willfully failed to disclose and actively concealed the true facts about the actual product that they were marketing. Defendants engaged in conduct which created and continues to create, a likelihood of confusion or of misunderstanding for the Plaintiffs, the Class Members and the consuming public.

53.     The Defendants' actions as set forth above occurred in the conduct of trade or commerce, and constitute unfair or deceptive trade practices under the VCPA.

16

54.     Plaintiff and the Class relied upon and were deceived by the Defendants' unfair and deceptive misrepresentations of material fact in deciding whether to purchase the Defendants' products.

55.     Plaintiff and the Class were injured as a result of the Defendants' conduct, and suffered ascertainable monetary loss. Plaintiffs overpaid for the products they purchased from Defendants and did not receive the benefit of their bargain.

56.     Plaintiff seeks an award of actual damages, treble damages, attorney's fees and costs as permitted by the VCPA. VT. STAT. ANN. § 2461(b).

COUNT II

Breach of Implied Warranty of Merchantability

57.     Plaintiff incorporates the above allegations by reference as if fully set forth herein.

58.     Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the filing date of this action, and as set forth above, Defendant represented to consumers, including Plaintiff and Class Members, by labeling/packaging and other means, that DG SAE 10W-30, DG SAE 10W-40, and DG SAE 30 are safe and suitable for use in the automobiles driven by Dollar General's customers. Plaintiff and Class Members bought those goods from the Defendant.

59.     Defendant was a merchant with respect to goods of the kind which were sold to Plaintiff and Class Members, and there was in the sale to Plaintiff and Class Members an implied warranty that those goods were merchantable.

60.     However, Defendant breached that warranty implied in the contract for the sale of goods in that Dollar General's DG-branded motor oil is in fact not suitable for use in the vehicles

17

driven by the vast majority, if any, of Dollar General's customers, as set forth in greater detail above.

61.    As a result thereof Plaintiff and Class Members did not receive goods as impliedly warranted by Defendant to be merchantable.

62.    As a proximate result of this breach of warranty by Defendant, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## COUNT III

### Breach of Implied Warranty of Fitness for a Particular Purpose

63.    Plaintiff incorporates the above allegations by reference as if fully set forth herein.

64.    Beginning at an exact date unknown to Plaintiff, but at least since four years prior to the filing date of this action, and as set forth above, Defendant sold its DG-branded motor oils to Plaintiff and Class Members, who bought those goods from Defendant in reliance on Defendant's skill and judgment.

65.    At the time of sale, Defendant had reason to know the particular purpose for which the goods were required, and that Plaintiff and Class Members were relying on Defendant's skill and judgment to select and furnish suitable goods so that there was an implied warranty that the goods were fit for this purpose.

66.    However, Defendant breached the warranty implied at the time of sale in that Plaintiff and Class Members did not receive suitable goods, and the goods were not fit for the particular purpose for which they were required in that Dollar General's DG-branded motor oils are not safe or suitable for use in the vast majority, if any, of vehicles driven by Dollar General's customers, as set forth in detail above.

18

67.     As a proximate result of this breach of warranty by Defendant, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## COUNT IV

### Unjust Enrichment

68.     Plaintiff incorporates the above allegations by reference as if fully set forth herein.

69.     A benefit has been conferred upon Dollar General by Plaintiff and Class Members in their purchase of Defendant's DG-branded motor oil.

70.     If Plaintiff and Class Members had been aware that Dollar General's DG-branded motor oil was not suitable for use in their vehicles, they would not have purchased the product.

71.     Under principles of equity and good conscience, Dollar General should not be permitted to retain revenue that they acquired by virtue of their unlawful conduct.  All funds, revenue, and benefits received by Dollar General rightfully belong to Plaintiff and Class Members, which Dollar General has unjustly received as a result of its actions.

### DEMAND/PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and members of the Class defined herein, prays for judgment and relief as follows:

A. An order certifying that this action may be maintained as a class action;

B. An award to Plaintiff and Class Members of full restitution;

C. An order enjoining Defendant from engaging in the unfair and/or deceptive acts or practices, as set forth in this Complaint;

D. Compensatory damages;

E. Punitive Damages;

F. Restitution and disgorgement of the unlawful profits collected by the Defendant;

G. An order providing for declaratory and/or injunctive relief:

    1. Declaring that Defendant must provide accurate representations of the quality of the motor oil sold at its stores;

    2. Enjoining Defendant from continuing the deceptive practices alleged herein; and

    3. Granting other extraordinary equitable and/or injunctive relief as permitted by law, including specific performance, reformation and imposition of a constructive trust;

H. Prejudgment and post-judgment interest at the prevailing legal rate;

I. Plaintiff's attorneys' fees and costs of suit; and

J. Such other and further relief as the Court may deem necessary and appropriate.

### JURY DEMAND

Plaintiff and Class Members hereby demand trial by jury.

Dated:  December 21, 2015       Respectfully submitted,

Wilfred K. Wright Jr. VT #5228
WRIGHT LAW PLC
P.O. BOX 982
Claremore Oklahoma 74018
(918) 341-1923 tele/facsimile

Allan Kanner, Esq.
Conlee Whiteley Esq.

20

Cindy St. Amant, Esq.
**KANNER & WHITELEY, LLC**
701 Camp Street
New Orleans, LA 70130
(504) 524-5777
(504) 524-5763 - Facsimile

*Attorneys for Plaintiff and those similarly situated*



Business Sense·Legal Ingenuity

January 25, 2016

Matthew S. Borick
mborick@drm.com

Ms. Tina de la Bruere, Superior Court Clerk
Vermont Superior Court
Orleans Civil Unit
247 Main St.
Newport VT 05855

Re:     <u>Chuck Hill v. Dolgencorp, LLC</u>
        Docket No. 335-12-15 Oscv

Dear Ms. de la Bruere:

Enclosed for filing with the Court is a Stipulated Motion for Extension of Time for Defendant to Respond to the Complaint, along with a Proposed Order and a Certificate of Service.

Thank you for your assistance.

Sincerely,

Matthew S. Borick

Enclosures

cc:     Wilfred K. Wright Jr., Esq. (w/ encls.)
        Allan Kanner, Esq. (w/ encls.)
        Conlee Whiteley, Esq. (w/ encls.)
        Cindy St. Amant, Esq. (w/encls.)
        R. Trent Taylor, Esq. (w/encls.)

**STATE OF VERMONT**

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Orleans County** | **Docket No. 335-12-15-OSCV** |

CHUCK HILL, Individually and on Behalf )
of All Others Similarly Situated, )
                                )
              Plaintiff,     )      **Case No. 335-12-15-OSCV**
                                )
        v.                          )
                                )
DOLGENCORP, LLC (d/b/a DOLLAR )
GENERAL, CORPORATION), )
                                )
             Defendant.    )

---

## CERTIFICATE OF SERVICE

      I certify that on January 25, 2016, I have delivered the Stipulated Motion for Extension of Time for Defendant to Respond to the Complaint, and Proposed Order, to all other parties to this case by first-class mail to counsel of record as follows:

      Wilfred K. Wright Jr. VT #5228
      **WRIGHT LAW PLC**
      P.O. BOX 982
      Claremore Oklahoma 74018
      Tel: (918) 341-1923
      Fax: (918) 341-1923

      *and*

      Allan Kanner, Esq.
      Conlee Whiteley, Esq.
      Cindy St. Amant, Esq.
      **KANNER & WHITELEY, LLC**
      701 Camp Street
      New Orleans, Louisiana 70130
      Tel: (504) 524-5777
      Fax: (504) 524-5763

      *Attorneys for Plaintiff and those similarly situated*

/s/ Matthew S. Borick
Matthew S. Borick

**STATE OF VERMONT**

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Orleans County** | **Docket No. 335-12-15-OSCV** |

CHUCK HILL, Individually and on Behalf )
of All Others Similarly Situated,                )
                                                                )
                                Plaintiff,          )          **Case No. 335-12-15-OSCV**
                                                                )
            v.                                                )
                                                                )
DOLGENCORP, LLC (d/b/a DOLLAR        )
GENERAL, CORPORATION),                    )
                                                                )
                                Defendant.        )

---

### STIPULATED MOTION FOR EXTENSION OF TIME FOR
### DEFENDANT TO RESPOND TO THE COMPLAINT

In accordance with V.R.C.P. 6(b), Plaintiff Chuck Hill and Defendant Dolgencorp, LLC,

by and through their respective counsel, jointly move for a stipulated extension of time for

Defendant to file a response to Plaintiff's Class Action Complaint and Demand for Jury Trial and

in support state as follows:

1.        Plaintiff filed the Complaint on December 22, 2015.

2.        Defendant was served on January 12, 2016.   The deadline for Defendant's

responsive pleadings to the Complaint is currently February 1, 2016.

3.        The undersigned counsel for Defendant was recently retained in this matter, and

has not yet had an opportunity to adequately investigate the claims and allegations raised in the

Complaint and to draft a response.

4.        The parties' respective counsel have met and conferred about an appropriate

extension of time to allow Defendant to file a response to the Complaint.  The parties agree that a

30-day extension is appropriate upon consideration of the facts of the case, the legal issues presented, and the timing of Defendant's counsel being retained.

5.     Additionally, the parties have agreed upon a 30-day extension in light of related litigation before other courts, whereby Defendant's responses to similar claims made in initial Complaints will be due within a similar timeframe.

6.     This request for extension is not sought for the purpose of delay and will not prejudice any party. Neither party objects to the requested relief.

WHEREFORE, Plaintiff and Defendant respectfully request this Court enter an Order granting a 30-day extension of time for Defendant to respond to the Complaint up through and including March 2, 2016, and such other and further relief as this Court deems just and proper. A proposed order granting such relief has been filed alongside this Stipulated Motion.

**Dated: January 25, 2016**

/s/ Wilfred K. Wright, Jr.
Wilfred K. Wright Jr. VT #5228
**WRIGHT LAW PLC**
P.O. BOX 982
Claremore, Oklahoma 74018
Tel: (918) 341-1923
Fax: (918) 341-1923

*and*

Allan Kanner, Esq.
Conlee Whiteley, Esq.
Cindy St. Amant, Esq.
**KANNER & WHITELEY, LLC**
701 Camp Street
New Orleans, Louisiana 70130
Tel: (504) 524-5777
Fax: (504) 524-5763

*Attorneys for Plaintiff and those similarly
situated*

/s/ Matthew S. Borick
Matthew S. Borick VT #4064
**DOWNS RACHLIN MARTIN PLLC**
199 Main Street
Burlington, Vermont 05401
Tel: (802) 863-2375
Fax: (802) 862-7512

*Attorney for Defendant Dolgencorp, LLC*

2

**STATE OF VERMONT**

**SUPERIOR COURT**
**Orleans County**

**CIVIL DIVISION**
**Docket No. 335-12-15-OSCV**

CHUCK HILL, Individually and on Behalf )
of All Others Similarly Situated, )
)
               Plaintiff, )
)
    v. )
)
DOLGENCORP, LLC (d/b/a DOLLAR )
GENERAL, CORPORATION) )
)
            Defendant. )

## ORDER

Based upon the parties' Stipulated Motion for the Extension of Time for Defendant to Respond to the Complaint under V.R.C.P. 6(b), signed by the parties of record and filed with this Court on January ___, 2016, it is hereby ORDERED that

    1.    the parties' Stipulated Motion for the Extension of Time is GRANTED; and

    2.    the date for Defendant Dolgencorp, LLC to file a response to Plaintiff's Class Action Complaint and Demand for Jury Trial is March 2, 2016.

    SO ORDERED.

_____                              _____
Date                                 Presiding Judge